**IMG-287**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4308
_____

XIA CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-687-938)
Immigration Judge: Honorable Alberto J. Reifkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 25, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 7, 2010)
_____

OPINION
_____

PER CURIAM.

Xia Chen, a citizen of China, seek review of a final removal order entered by the

Board of Immigration Appeals ("BIA"). We will deny the petition for review.

In January 2005, Chen sought to enter the United States at Los Angeles

International Airport without a valid entry document. She was interviewed and served with a Notice to Appear charging inadmissibility under INA § 212(a)(7)(A)(i)(I). Removal proceedings eventually were transferred to an Immigration Judge ("IJ") in New Jersey. Chen conceded the charge in the Notice to Appear and applied for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Chen claimed to have suffered persecution in China as a Christian, and to fear future persecution for having once harbored a friend who practices Falun Gong.

Chen testified that she became a Christian at age fourteen and was actively involved in her church, which was not government sponsored. Chen and her family practiced secretly, and their congregation met in Chen's home once or twice a week. In October 2004, when Chen was age twenty-two, the police raided the home while eleven or twelve parishioners were present, and they arrested Chen and four others. Chen was questioned at the station, mainly regarding the identity of her pastor, and she claims that an officer slapped her face during the interrogation. Chen was detained for three days and released when her mother paid a 3,000 RMB fine.

In December 2004, in an unrelated incident, Chen allowed a friend to stay in her home for a week. Shortly after the stay, the friend's mother told Chen that the friend had been arrested for Falun Gong-related activities. Chen promptly left China because she feared that she too might be arrested.

The IJ denied relief. First, the IJ found that Chen was not credible inasmuch as

2

she had failed to mention her arrest and alleged religious persecution during the airport interview. When asked at the airport why she was attempting to enter the United States, Chen mentioned only the arrest of her friend. Second, and alternatively, the IJ denied relief on the merits, finding no showing that Chen was persecuted through the two unrelated incidents, or possessed a well-founded fear of future persecution, and he denied withholding of removal and CAT relief.

The BIA dismissed Chen's appeal. It held that, even if Chen was deemed credible, she failed to satisfy the burden of proof for asylum. The BIA agreed, in particular, that Chen did not show past harm that rises to the level of persecution or a well-founded fear of future persecution. It observed that, while Chen was slapped during her three-day detention, she did not require medical treatment after being released, she was never charged with a crime, and she continued to worship at the family church. With regard to Chen's claim that she has a well-founded fear of persecution on account of her religion given the poor treatment of Christians in China, the BIA noted that, while some Christians, particularly those associated with unauthorized churches, have faced harm, Chen failed to show that she would be unable to practice Christianity in China, or that she would face persecution if she did so. The BIA rejected Chen's claim for withholding of removal under the higher standard that governs eligibility for that relief, and found no evidence to establish that it is more likely than not that Chen would be tortured if returned to China. Chen timely filed a petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). "We review factual findings, including findings of persecution and fear of persecution, under the substantial evidence standard." Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009). "Under this deferential standard, findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quotation marks omitted).

We agree that Chen's detention did not amount to "persecution," which we have explained "is an extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993). "Abusive treatment and harassment, while always deplorable, may not rise to the level of persecution." Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007). Chen's three-day detention was relatively brief, and although she was slapped in the face by a police officer, she did not require medical treatment. Further, as the BIA noted, Chen was not charged with a crime, and she continued to worship at the church after her release. This record simply does not compel a finding of past persecution.[1]

Chen's primary argument on this appeal is that the IJ erred in rejecting her

---

[1] Cf. Jarbough, 483 F.3d at 191 (holding that record did not compel finding of past persecution where alien testified that "Syrian intelligence officers seized him on two occasions. The first time, the officers placed Jarbough in an interrogation room for four hours. They threatened him with wires and electrical cables, screamed at him, and jabbed his shoulder with their fists. The second time, the officers confined Jarbough for two days. They cursed, threatened, kicked, shoved, and pushed him. As a result of this abuse, Jarbough suffered bruising. He did not go to a doctor, however, as his injuries did not 'require immediate medical intervention.'").

credibility, and she contends that the matter should be remanded for the BIA to consider the adverse credibility finding. While the record shows that the IJ rejected Chen's credibility, the IJ also addressed the asylum claim on the merits and denied relief. On appeal, the BIA acted within its authority in assuming Chen's credibility and affirming the IJ's alternative merits determination. As a result, because "the BIA did not explicitly adopt the IJ's credibility findings, ... that portion of [the IJ's] decision is not properly before [this Court]." Jarbough, 483 F.3d at 191. Accordingly, we too will assume Chen's credibility, and, for the reasons discussed, must reject the asylum claim on the merits. See id. This matter need not be remanded for the BIA to address the issue of credibility.

Chen also argues that the BIA erred by ignoring evidence that she received a "death threat" while in custody, and that she heard one of her fellow church members scream in pain due to a beating by the police.[2] Assuming, arguendo, that the police did make a "death threat" to Chen, we find no basis to hold that the BIA's analysis of the record was insufficient merely because it failed to make express reference to certain aspects of Chen's testimony, see Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006), nor do we discern any basis to remand this matter for further consideration of the alleged death threat. See Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005) (explaining that "unfulfilled threats must be of a highly imminent and menacing nature in order to

---

[2] Chen testified that the police "slap[ped] my face and they said, we got you. It's not worthwhile to sacrifice your life for this illegal church." A.R. at 128.

5

constitute persecution").[3]

In short, we discern no error in the denial of asylum. Because withholding of removal carries a higher burden of proof than asylum, Chen's request for withholding was properly denied, as well. See Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). Finally, Chen does not challenge the denial of CAT relief in her brief before this Court. Accordingly, we deem that issue waived and do not address it. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

We have considered all of Chen's arguments and find them without merit. For the foregoing reasons, we will deny the petition for review.

---

[3] Chen further argues that she established a well-founded fear of future persecution because, inter alia, "although Ms. Chen was not a Falun Gong practitioner, she had a well-founded fear in that her association with a Falun Gong member would implicate her." Petitioner's Br. at 25. The record reflects that Chen failed to raise this claim in either her notice of appeal or brief to the BIA. Chen's failure to exhaust administrative remedies leaves this Court without jurisdiction to consider this claim. See 8 U.S.C. § 1252(a)(2)(D); Hoxha v. Holder, 559 F.3d 157, 159-61 (3d Cir. 2009).